IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN WAYNE BROWN,

                Plaintiff,

                                            CIVIL ACTION
      vs.                                    No. 06-3245-SAC

RICHARD DORNEKER, et al.,

                Defendants.

**ORDER**

    Plaintiff, a prisoner in the custody of Johnson County, Kansas, proceeds pro se on a civil complaint filed under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Plaintiff's request for payment or collection of his outstanding district court filing fee in a manner other than that authorized by § 1915(b)(2) is denied.

    Plaintiff seeks relief on allegations related to the conditions of his confinement in the Chase County Jail in Cottonwood Falls, Kansas. Plaintiff states he was "farmed out" to the Chase County facility on June 27, 2006, and attacked with a mop handle four days later by another prisoner known to Chase officials as threatening harm. Plaintiff claims his hand was broken in the attack, but he received no medical attention or professional evaluation for obvious

swelling and pain. Plaintiff returned to Johnson County on July 14, 2006, and saw a physician three days later.

Plaintiff seeks damages from the Johnson County sheriff for transferring plaintiff to the Chase County jail knowing it subjected plaintiff to a threat of harm without comparable or any available medical services. Plaintiff also seeks damages from the Chase County officials, namely the sheriff, jail supervisor, jail nurse, and jail administrator.

Having reviewed plaintiff's allegations, the court finds the following claims should be summarily dismissed. *See* 28 U.S.C. § 1915A(a) and(b)(court is to screen civil action filed by prisoner to identify cognizable claims and to dismiss the complaint or any claim that is frivolous, malicious, or fails to state a claim for relief).

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Eighth Amendment, applicable to the states through the fourteenth amendment, prohibits the infliction of cruel and unusual punishment on prisoners. Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). To state an actionable eighth amendment claim, plaintiff must be able to show that defendants acted with "deliberate indifference" by a knowing disregard of an excessive risk to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 8234 (1994). If plaintiff is a pretrial detainee, the same constitutional standard applies. Estate of Hocker ex rel. Hocker v.

2

Walsh, 22 F.3d 995, 998 (10th Cir. 1994).

In the present case, plaintiff's claims of negligence and medical malpractice by any defendant fail to state a cognizable constitutional claim because a negligent act of an official causing injury to life, liberty, or property does not violate the United States Constitution. Absent sufficient factual allegations that the intentional or reckless conduct of a state official caused the plaintiff's injury, no cognizable constitutional claim is stated upon which relief can be granted under § 1983. Daniels v. Williams, 474 U.S. 327, 328-31 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). See Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

Additionally, plaintiff's allegations against the Johnson County Sheriff are insufficient to establish the constitutional standard of deliberate indifference. Plaintiff does not allege the Johnson County sheriff was aware of a known threat of harm to plaintiff by plaintiff's transfer to the Chase County facility, and plaintiff's claim that medical care at the Chase County facility was not equal to that provided at the Johnson County facility does not establish the Johnson County sheriff was deliberately indifferent to plaintiff's health or safety. Although plaintiff's exhaustion of administrative remedies regarding this claim is problematic at best, the court finds plaintiff's allegations against the Johnson County sheriff should be dismissed as stating no claim for relief. See 42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face,

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

Plaintiff's allegations against the Chase County defendants, however, are sufficient to avoid summary dismissal at this stage. It also appears that proper and judicial processing of these claims cannot be achieved without additional information from appropriate officials of the Chase County, Kansas.  *See* Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).  *See also* Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

Plaintiff's motions for subpoenas, to obtain records of the custody levels of his Johnson County confinement to show possible harassment, are denied without prejudice.  Plaintiff is advised that he is required to fully exhaust administrative remedies prior to bringing any claim to the federal courts regarding the conditions of his confinement.  42 U.S.C. § 1997e(a).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the remainder of the district court filing fee to proceed pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion (Doc. 3) for leave to proceed in forma pauperis is granted, with payment of the outstanding district court filing fee to be paid pursuant to 28 U.S.C. § 1915(b)(2).  Plaintiff's motion (Doc. 2) for payment of the outstanding district court filing fee in an alternative manner is

denied.

IT IS FURTHER ORDERED that plaintiff's claims against the Johnson County Sheriff are dismissed as stating no claim for relief, and the Johnson County Sheriff is dismissed as party in this action.

IT IS FURTHER ORDERED that plaintiff's claims of negligence and medical malpractice are dismissed without prejudice.

IT IS FURTHER ORDERED that:

(1) The clerk of the court shall prepare waiver of service of summons forms for all Chase County defendants, and summons to the Chase County Clerk, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt fo that report by counsel for defendants.

(3) Officials responsible for the operation of the Chase County jail are directed to undertake a review of the subject matter of the complaint:

   (a) to ascertain the facts and circumstances;

   (b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

   (c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(4) Upon completion of the review, a written report shall be

compiled which shall be attached to and filed with the defendants' answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(5) Authorization is granted to Chase County officials to interview all witnesses having knowledge of the facts, including the plaintiff.

(6)  No answer or motion addressed to the complaint shall be filed without leave of the court until the Martinez report has been prepared.

(7) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein.  This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

(8)  The clerk of the court shall transmit copies of this order to plaintiff, to defendants, to the Chase County Counselor, and to the Finance Officer where plaintiff is currently confined.

IT IS FURTHER ORDERED that plaintiff's motions for subpoenas (Docs. 5 and 7) are denied without prejudice.

IT IS FURTHER ORDERED the clerk of the court shall enter the Chase County Counselor as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein.  Upon the filing of that report, the Chase County Counselor may move for termination from this action.

IT IS FURTHER ORDERED that the screening process under 28

U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED.**

DATED:  This 28th day of November 2006 at Topeka, Kansas.


  s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge