IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN WAYNE BROWN,

                    Plaintiff,

          vs.                                              Case No. 06-3245-CM

RICHARD DORNEKER, et al.,

                    Defendants.

**ORDER**

This matter comes before the court on plaintiff's Motion to Subpoena Renovation

Records Also Maintenance Log on Malfunctioning Video System (Doc. 31); Motion to Receive

Assault History of Other Inmates in Chase County Detention Center: Also to Subpoena Records

(Doc. 32); and Motion to Subpoena Video Tape (Doc. 34).  Defendants have responded to these

motions (Docs. 36,  37, & 38).  Plaintiff has not filed a reply, and the time to do so has passed.[1]

Also pending before the court is defendants' Motion for Extension of Time (Doc. 39) to

which plaintiff has filed a response (Doc. 40); plaintiff's Motion for Miscellaneous Relief (Doc.

41); and plaintiff's Second Motion for Miscellaneous Relief (Doc. 42).  The court finds further

briefing on these issues unnecessary and is prepared to rule.

**Background**

Plaintiff brings his claims under 42 U.S.C. § 1983 and seeks relief regarding allegations

as to the conditions of his confinement in the Chase County Jail in Cottonwood Falls, Kansas.[2]

Specifically, plaintiff alleges that Johnson County  "farmed out" plaintiff to Chase County Jail

---

[1] D. Kan. Rule 6.1(d)(1).

[2] *See* Order (Doc. 1) at p. 1.

where another prisoner attacked plaintiff, breaking plaintiff's hand which went untreated by officials.

Plaintiff originally brought his claim against the Johnson County sheriff and Chase County officials.  The Honorable Sam A. Crow dismissed plaintiff's claims again the sheriff of Johnson County but ordered the officials at Chase County to provide additional information from appropriate officials at Chase County, Kansas through preparation of a *Martinez* report.[3] Defendants have filed said *Martinez* report (Doc. 26) and an answer to plaintiff's complaint (Doc. 27).  As a result, pursuant to Fed. R. Civ. P. 16(b), the court has ordered the parties to participate in a telephone scheduling conference with the court on April 30, 2007 at 3:30 p.m.

**Standard**

The court is mindful that plaintiff is proceeding *pro se* and thus his motions should be liberally construed and held to a less stringent standard.[4]  This requires the court to look past any confusion of legal theories or a failure to cite proper legal authority.[5]  Despite this liberal construction, *pro se* litigants are not entitled to ignore the fundamental rules of civil procedure[6] and "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[7]  As discussed below, the court finds that the relief sought by plaintiff in each of his motions does not comply with the Federal Rules of Civil Procedure and

---

[3]*Id.* at p. 4 (citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)).

[4]*Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[6]*Ogden v. San Juan County*, 32 F. 452, 455 (10th Cir. 1994).

[7]*Drake*, 927 F.2d at 1159.

will deny each of plaintiff's motion on this basis.

**Motions to Subpoena Records (Doc. 31) , Receive Assault History (Doc. 32), and Subpoena Videotape on the Day of 7-10-06 at 10:45 p.m. 11:05 p.m. (Doc. 34).**

Plaintiff asks the court to subpoena and retrieve Chase County's renovation log and maintenance log (Doc. 31).  Plaintiff also asks the court to subpoena and retrieve information regarding the assault history and inmate file of Charles Johnson an inmate from Johnson County and Chase County Detention Centers (Doc. 32).  Plaintiff also seeks other incidents of inmate attacks and assaults that have occurred in Chase County Detention Center over the past three years (Doc. 32) as well as copies of letters regarding his own grievance (Doc. 34).  Finally, plaintiff seeks a videotape allegedly documenting inmate Everett Jackson assaulting plaintiff with a wood mop on July 10, 2006 in Chase County Detention Center (Doc. 34).

In response to these motions, defendants have agreed to "respond to plaintiff's motion and subpoena as a request for production of documents and things under F.R.C.P. 34. Accordingly, defendant will respond with appropriate answers or objections within the 30-day allotted time period, unless informed otherwise by the court."[8]  The court finds defendants' treatment of plaintiff's motions a fair and proper means of addressing plaintiff's requests. Consequently, as explained below, the court will deny plaintiff's motions for subpoenas and construe his requests as requests for production under Fed. R. Civ. P. 34.[9]

In his various motions, plaintiff seeks production from the defendants of documents and a

---

[8]See Responses (Docs. 36,  37, & 38).

[9]*See Beaver v. Supercuts & Representatives*, No. 05-4131-RDR, 2005 U.S. Dist. LEXIS 33772 at *1 (D. Kan. Dec. 16, 2005)(construing *pro se* plaintiff's various motions seeking to "summons" records as requests for production of documents.).

video which would are properly characterized as "Documents, Electronically Stored Information, and Things" governed by Rule 34.  In turn, Fed. R. Civ. P. 45 permits the issuance of a subpoena for production or inspection of documents over a non-party.[10]  As plaintiff asks the court to issue subpoenas on his behalf for records, documents, and tangible objects in the care custody and control of *defendants*, proceeding under Rule 34 is the proper course of action.

In light of defendants' treatment of plaintiff's motions as a request for production, the court deems these requests for production as served on defendant on the date of their filing, namely March 5, 2007 for Docs. 32 and 33 and March 12, 2007 for Doc 34.  Rule 34(b) governs the procedure for requesting production of documents and provides in part: "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request." Pursuant to Rule 34(b) defendants responses to plaintiff's requests for production contained in Docs. 32 and 33 would be due by April 4, 2007, while their responses to  Doc. 34 would be due by April 11, 2007.  However, defendants have requested an additional 30 days to respond to plaintiff's requests for production (Doc. 39).  Considering a telephone scheduling conference has yet to take place and a scheduling order governing the course of discovery has yet to be fashioned,  allowing defendants an additional 30 days to respond to plaintiff's request for production is reasonable and will not prejudice plaintiff.  Consequently, the court will grant defendants' requested extension (Doc. 39).

**Motion for Miscellaneous Relief (Doc. 41) and (Doc. 42).**

Plaintiff's letter "to the Clerk", filed as a Motion for Miscellaneous Relief, seeks several

---

[10]*See* Fed. R. Civ. P. 45; Fed. R. Civ. P. 34(c)("A person *not a party to the action* may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45")(emphasis added).

things.  First, plaintiff does not specifically ask the court to appoint him counsel for the present case.  However, plaintiff's motion makes numerous allusions to his ignorance of the law,  lack of counsel, and unsuccessful attempts to contact attorneys regarding representation of this matter.  To the extent that plaintiff seeks appointment of counsel, the court denies plaintiff's request without prejudice and directs plaintiff to contact the Clerk of the Court at 444 S.E. Quincy, 490 U.S. Courthouse, Topeka, KS 66683, 785-295-2670 should plaintiff choose to seek the necessary forms to apply for appointment of counsel.

Next, both of plaintiff's Motions for Miscellaneous Relief (Docs. 41 and 42) ask the court to order the Johnson County Adult Detention Center to allow plaintiff to make long distance phone calls to the court and defense counsel.  Plaintiff contends that Johnson County "will not let [inmates] make long distant phone calls to Topeka, KS and this [sic] phones [sic] on the unit does not allow certain Judicial branches to be called" including judicial buildings in Topeka.[11]   Specifically, plaintiff's first letter/motion asks "If you can please make it possible for me to contact the courts.  Johnson County making it impossible and I hope they call me for the mediation hearing because I have no way call [sic] the law office in Topeka or the courts in Topeka or K.C.K."[12]

The court is mindful of plaintiff's concerns regarding his limitations in prosecuting the present case.  However, the court cannot and will not order Johnson County Adult Detention Center, a non-party to this action, to provide plaintiff with further accommodations in order to prosecute his case.  Moreover, the parties' planning report, submitted to the court by defendant

---

[11]*See* Motion (Doc. 41) at p. 1.

[12]*Id.* at p. 3.

in preparation for the parties' April 30th telephone scheduling conference, indicates that defense counsel and plaintiff crafted their joint proposed planning report through telephone communications.  While the court denies plaintiff's requests for leave, the court will discuss any of plaintiff's remaining concerns regarding his communications with defense counsel and the court with the parties during the upcoming telephone scheduling conference.

Accordingly,

IT IS THEREFORE ORDERED that plaintiff's Motions to Subpoena Records (Doc. 31) , Receive Assault History (Doc. 32), Subpoena Videotape on the Day of 7-10-06 at 10:45 p.m. 11:05 p.m. (Doc. 34), Motion for Miscellaneous Relief (Doc. 41) , and Second Motion for Miscellaneous Relief (Doc. 42) are denied.

IT IS FURTHER ORDERED that defendants' Motion for Extension of Time (Doc. 39) is granted.  Defendants shall serve their written responses to plaintiff's requests contained in Docs. 31 and 32 by **May 4, 2007** and to Doc. 34 by **May 11, 2007.**

IT IS SO ORDERED.

Dated this 27th day of April, 2007, at Topeka, Kansas.

 s/ K. Gary Sebelius   
K. Gary Sebelius
U.S. Magistrate Judge