IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN WAYNE BROWN,

        Plaintiff,

vs.                                          Case No. 06-3245-CM

RICHARD DORNEKER, et al.,

        Defendants.

**ORDER**

These matters comes before the court on the following motions: plaintiff's Motion to Appoint Counsel (Doc. 52) and Motion/Letter (Doc. 59) and defendants' Motion and Memorandum in Support of Order Granting Permission to Take Plaintiff's Deposition (Doc. 51) and Motions to Modify the Scheduling Order (Doc. 56, 61, 64). Neither side has filed any responses in opposition to the pending motions and, with the exception of Defendant's Third Motion to Modify the Scheduling Order (Doc. 64), the time to do so has passed.[1] As to defendants' Third Motion to Modify the Scheduling Order (Doc. 64) the court finds further briefing on the issue unnecessary and is prepared to rule.

**Background**

Plaintiff brings his claims under 42 U.S.C. § 1983 and seeks relief regarding allegations as to the conditions of his confinement in the Chase County Jail in Cottonwood Falls, Kansas.[2] Specifically, plaintiff alleges that Johnson County "farmed out" plaintiff to Chase County Jail where another prisoner attacked plaintiff, breaking plaintiff's hand which went untreated by officials. The

---

[1] *See* D. Kan. 6.1(d).

[2] *See* Order (Doc. 1) at p. 1.

video documenting this incident allegedly does not exist due to a mechanical malfunction.

Plaintiff originally brought his claim against the Johnson County sheriff and Chase County officials. The Honorable Sam A. Crow dismissed plaintiff's claims again the sheriff of Johnson County but ordered the officials at Chase County to provide additional information from appropriate officials at Chase County, Kansas through preparation of a *Martinez* report.[3] Defendants have filed said *Martinez* report (Doc. 26) and an answer to plaintiff's complaint (Doc. 27). To that end, the undersigned conducted a telephone scheduling conference with the parties, resulting in the parties' current Scheduling Order.[4]

**Standard**

As a general rule, the court is mindful that plaintiff is proceeding *pro se* and thus his motions should be liberally construed and held to a less stringent standard.[5] This requires the court to look past any confusion of legal theories or a failure to cite proper legal authority.[6] Despite this liberal construction, *pro se* litigants are not entitled to ignore the fundamental rules of civil procedure[7] and "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[8]

---

[3] *Id.* at p. 4 (citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)).

[4] *See* Minute Entry (Doc. 45); Scheduling Order (Doc. 44).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[7] *Ogden v. San Juan County*, 32 F. 3d 452, 455 (10th Cir. 1994).

[8] *Drake*, 927 F.2d at 1159.

**Plaintiff's Motion to Appoint Counsel (Doc. 52)**

Plaintiff's Motion to Appoint Counsel lists the names of several attorneys he has contacted regarding representation and asks the court to appoint him counsel. "There is no constitutional right to appointed counsel in a civil case."[9] "[T]he district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915[(e)(1)] . . . ."[10] "The court may request an attorney to represent any person unable to afford counsel."[11] When considering the appointment of counsel to represent a civil litigant, the court must consider a all relevant factors, including the litigant's ability to retain counsel, the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[12] That counsel could assist plaintiff in presenting "his strongest possible case" is not a proper basis for granting such a motion.[13]

The facts and issues involve plaintiff's treatment, and alleged violations of his civil rights while he was incarcerated.[14] Generally, "[s]uch cases are not particularly complex"[15] and plaintiff

---

[9] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969)).

[10] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (quoting *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).

[11] 28 U.S.C. § 1915(e)(1).

[12] *See id.*; *Williams*, 962 F.2d at 996.

[13] *Brown v. Gray*, No. 06-3003-JTM, 2007 U.S. Dist. LEXIS 69925, at * 6-7 (D. Kan. 2007).

[14] *See e.g.*, Complaint (Doc. 1).

[15] *Brown*, 2007 U.S. Dist. LEXIS 69925 at * 6 (citing *Abu-Fakher v. Bode*, 175 Fed. Appx. 179, 2006 WL 650671, at *5 (10th Cir. 2006) (affirming district court's denial of motion to appoint counsel in prisoner's case involving claims of cruel and unusual punishment); *Avery v.*

has not demonstrated that his case is unique or unusually complicated. Moreover, plaintiff has failed to show the court any special circumstances that prevent him from presenting his claims such as a physical or mental impediment. Indeed, during the parties' Telephone Scheduling Conference the court found plaintiff well prepared. Moreover, plaintiff has filed several motions in this case, as well as a detailed Complaint which indicates plaintiff's ability to adequately communicate with the court.[16] Considering all of the relevant factors, the court denies plaintiff's Application for Appointment of Counsel without prejudice to renewal in the future should plaintiff provide the court with sufficient evidence of a compelling need for a court-appointed attorney.

**Plaintiff's Motion (Doc. 59)**

Styled a "Motion" by the clerk's office, plaintiff's motion reads like a letter and seeks no specific relief from the undersigned. Upon the court's review of plaintiff's Letter/Motion, and in liberally construing plaintiff's filings the court the court finds further reason to deny plaintiff's previous motion for appointment of counsel. Plaintiff's Letter/Motion informs that each of the seven attorneys plaintiff contacted informed him that they would need "at least one month to review" plaintiff's claim before determining whether they would represent him. However, plaintiff then states that "all refused to accept my case until it made it past summary [judgment]." To this end, the court notes that there are several attorneys in the Kansas City area who handle cases such as the

---

*Anderson,* 94 Fed. Appx. 735, 2004 WL 723243, at *4 (10th Cir. 2004) (affirming district court finding that excessive force claim by a prisoner was not complex); *Herman v. Correctional Medical Servs., Inc.*, 66 Fed. Appx. 183, 2003 WL 21235499, at *3 (10th Cir. 2003) (affirming district court's decision to not appoint counsel for indigent prisoner alleging claims of cruel and unusual punishment)).

[16]*See e.g.*, *id* (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985); *Herman*, 66 Fed. Appx. 183, 2003 WL 21235499, at *3)).

one filed by plaintiff, provided that such cases are perceived to have merit.

Plaintiff poses various "questions" to the undersigned regarding settlement and defendants' position thereon. Such matters will be addressed subsequently in this instant order.

Despite the court's broad reading of plaintiff's Letter/Motion, the court is unable to find any request for relief or basis therefore in plaintiff's filing. As such, the court will deny plaintiff's motion.

### Defendants' Motion and Memorandum in Support of Order Granting Permission to Take Plaintiff's Deposition (Doc. 51).

Pursuant to K.S.A. 60-230-(a)(2), leave of court is required to take the deposition of a person confined in prison. Defendants explain, and the court agrees, that deposing plaintiff would allow defendants to discover the facts surrounding plaintiff's allegations. Accordingly, and because plaintiff has not filed a response to the instant motion,[17] the court will grant the relief requested.

### Motion to Modify the Scheduling Order (Doc. 56)

Defendants seek either an order relieving the parties of the obligation to participate in mediation, or in the alternative, for an order extending the time for the parties to comply with mediation. Here, the court finds no basis to alleviate the parties' obligation to mediate. The fact that the parties have "not yet coordinated mediation" and that "[d]efendants do not believe mediation of this matter would be helpful" is not sufficient grounds to relieve the parties from the duty to mediate. In fact, upon review of the parties' confidential settlement statements, the court believes some form of alternative dispute resolution (ADR) settlement in the instant case would be a beneficial option

---

[17]*See* D. Kan. Rule 7.4 ("if a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

that both parties should explore. Indeed, the undersigned would be amenable to conducting a settlement conference with the parties, should the parties so desire.

**Second Motion to Modify the Scheduling Order (Doc. 61) and Third Motion to Amend the Scheduling Order (Doc. 64).**

Both motions seek to extend deadlines other than the parties' mediation. Defendants seek to extend the deadline for the completion of all discovery by sixty (60) days but then also seeks to have November 1, 2007 as the deadline for the completion of all discovery. Defendants also ask that the dispositive motion deadline be extended until December 6, 2007. The court finds good cause exists to extend the parties' remaining pretrial deadlines. Accordingly, the court adopts the final remaining deadlines:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Mediation or other ADR process completed | November 9, 2007 |
| All discovery completed | November 13, 2007 |
| All other potentially dispositive motions (e.g., summary judgment) | December 6, 2007 |
| Motions challenging admissibility of expert testimony | 28 days before trial |
| Final pretrial conference | November 28, 2007 @ 3:30 p.m. |
| Proposed pretrial order due | November 16, 2007 |
| Trial | April 7, 2008 |

(1) Defense counsel shall provide the name of an agreed-upon mediator (or other ADR neutral) to the court by October 18, 2007, and the scheduled date of the mediation (or other chosen ADR process); if the parties are unable to jointly agree upon a mediator (or other neutral), each shall suggest a mediator (or other neutral) and then the court will select a mediator (or other neutral). The ADR process shall be held no later than **November 9, 2007**, before the mediator (or other neutral) selected by the court. An ADR report, on the form located on the district's Internet website, must be filed by defense counsel within five days after the scheduled ADR process**.**

(2) All discovery shall be commenced or served in time to be completed by **November 13, 2007.**
(3) All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **December 6, 2007.**
(4) All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than **28 days before trial.**
(5) Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for scheduled for **November 28, 2007 at 3:30 p.m.** via telephone. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than **November 16, 2007**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*. The proposed pretrial order shall not be filed with the Clerk's Office. It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.
(6) The parties' **April 7, 2008** trial date remains unchanged.

Accordingly,

IT IS THEREFORE ORDERED Plaintiff's Motion to Appoint Counsel (Doc. 52) is denied without prejudice and plaintiff's Motion/Letter (Doc. 59) is denied.

IT IS FURTHER ORDERED that defendants' Motion and Memorandum in Support of Order Granting Permission to Take Plaintiff's Deposition (Doc. 51) is granted.

IT IS FURTHER ORDERED that defendants' Motions to Modify the Scheduling Order (Doc. 56, 61, 64) are granted in part and denied in part as discussed above.

IT IS SO ORDERED.

Dated this 3d day of October, 2007, at Topeka, Kansas.

                                                s/ K. Gary Sebelius
                                                        K. Gary Sebelius
                                                      U.S. Magistrate Judge