IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN WAYNE BROWN,           )<br>                              )<br>          Plaintiff,         )<br>                              )    CIVIL ACTION<br>v.                            )<br>                              )    No. 06-3245-CM<br>RICHARD DORNEKER, et al.,     )<br>                              )<br>          Defendants.         )<br>                              ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's "Motion To Support Dismissal Of Motion To Summary Judgment Motion Support Of Dismissal Of Motion To Summary Reply And Response To Motion Of Defense" (Doc. 80) and Motion (Doc. 84).  In his motions, plaintiff requests that the court strike (1) "defendants' motion for support of their summary judgment";  and (2) the affidavit of Travis Lawrence that was attached to defendants' reply.  Based on plaintiff's motion, the court construes plaintiff's first request as a motion to strike Reply in Support of Summary Judgment (Doc. 74).

Plaintiff argues that the court should strike defendants' reply, arguing it was untimely.  Plaintiff contends defendants filed their reply out of time because it was filed twenty-seven days after plaintiff filed his response.  Defendants' reply was due January 19, 2008, which was a Saturday.  Because the following Monday was a holiday, defendants had until January 22, 2008 to file their response.  *See* Fed. R. Civ. P. 6(a)(3) and (4).  Accordingly, the court finds that defendants' reply was timely.

Plaintiff further argues that the court should strike Mr. Lawrence's affidavit because (1) the deadline for discovery expired prior to the filing of the affidavit; and (2) the deadline to file dispositive

motions expired prior to the filing of the affidavit.  Federal Rule of Civil Procedure 56(e) specifically allows for affidavits to be filed in support of summary judgment:

> (1) *In General*.  A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.  The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) *Opposing Party's Obligation to Respond*.  When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

The District of Kansas Local Rules also allow parties to submit affidavits in support of their motion for or opposition to summary judgment: "All facts on which a motion or opposition is based shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answer to interrogatories and responses to requests for admissions.  Affidavits or declarations shall be made on personal knowledge, and by a person competent to testify to the facts stated which shall be admissible in evidence."  D. Kan. Rule 56.1(d).

Here, defendants appropriately attached the affidavit of Mr. Lawrence to oppose a letter written by Mr. Lawrence that was attached to plaintiff's summary judgment response.  The discovery deadline is irrelevant to the affidavit because the affidavit was filed in support of summary judgment.  Furthermore, as discussed above, defendants' Reply in Support of Summary Judgment was timely filed.  After reviewing the record, the court finds that defendants properly submitted their Reply in Support of Summary Judgment and Mr. Lawrence's affidavit.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion To Support Dismissal Of Motion To Summary Judgment Motion Support Of Dismissal Of Motion To Summary Reply And Response To Motion Of Defense" (Doc. 80) and Motion (Doc. 84) are denied.

Dated this 8<u>th</u> day of August 2008, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**